**SCARTELLI OLSZEWSKI, P.C.**
A Professional Corporation
By:    **Melissa A. Scartelli, Esquire**
        **Peter Paul Olszewski, Jr., Esquire**
        **Michael J. Kenny, Esquire**
ATTORNEYS FOR PLAINTIFFS
411 Jefferson Avenue
Scranton, PA  18510
T: (570) 346-2600
F: (570) 346-9077
IDENTIFICATION #52441
IDENTIFICATION #541286
IDENTIFICATON #81623

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC G. LAMOREAUX**<br>**182 Johnston Lane**<br>**Shickshinny PA 18655** | |
| **CINDY R. LAMOREAUX**<br>**182 Johnston Lane**<br>**Shickshinny PA 18655** | |
| **ROSE ANN RINK**<br>**1531 State Route 92 Highway**<br>**Harding PA 18643** | **JURY TRIAL DEMANDED** |
| | **NO.  3:19-CV-_____** |
| **DENNIS V. RINK**<br>**1531 State Route 92 Highway**<br>**Harding PA 18643** | **CIVIL ACTION – LAW** |
|                           **Plaintiffs,** | |
|       **v.** | |
| **SIARHEI HANCHARUK**<br>**1070 Ocean View, Apartment 2G**<br>**Brooklyn NY 11235** | |
| **and** | |
| **BUMBLEBEE CORP.** | |

**1070 Ocean View, Apartment 2G**
**Brooklyn NY 11235**

**Defendants.**

## COMPLAINT

Now come the Plaintiffs, Eric G. Lamoreaux, Cindy R. Lamoreaux, Rose Ann Rink, and Dennis V. Rink, by and through their counsel, Scartelli Olszewski, P.C., and hereby complain against the Defendants, Siarhei Hancharuk and Bumblebee Corp. This is a civil action seeking monetary damages against Defendants for committing acts or omissions of negligence and recklessness against Plaintiffs.

### PARTIES

1.     Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, husband and wife, are citizens of Pennsylvania; competent, adult individuals residing at 182 Johnston Lane, Shickshinny, Luzerne County, Pennsylvania. Plaintiffs, Rose Ann Rink and Dennis V. Rink, her husband, are citizens of Pennsylvania; competent, adult individuals residing at 1531 State Route 92, Harding, Luzerne County, Pennsylvania.

2.     Defendant, Siarhei Hancharuk, is a citizen of the State of New York; a competent, adult individual residing at 1070 Ocean View Apartment 2G, Brooklyn, NY 11235.

3.     Defendant, Bumblebee Corp., is a citizen of the State of New York, a New York Corporation with a principal place of business at 1070 Ocean View Apartment 2G, Brooklyn, NY 11235, and regularly and systematically conducts business in Columbia County, Pennsylvania.

4.     Plaintiffs sue Defendant, Siarhei Hancharuk, in his individual capacity and as an agent of Defendant Bumblebee Corp.

## JURISDICTION AND VENUE

5.     Federal Jurisdiction is grounded in 28 U.S.C §1332, complete diversity of the Parties and the matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).   The Court also has pendant jurisdiction as provided under 28 U.S.C. §1367(a).

6.     The Federal Court for the Middle District of Pennsylvania is the correct forum for this action as all Plaintiffs reside in Luzerne County and the accident which forms the basis of this action occurred in Columbia County.

## FACTS

7.     Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in the foregoing paragraphs above with the same force and effect as if herein set forth.

8.     Defendant, Siarhei Hancharuk, was an agent, servant, workman, contractor and/or employee of Defendant Bumblebee Corp. at the time of the motor

vehicle accident and was acting within the course and scope of his agency and/or employment.

9.     On February 19, 2019, at or about 3:39 p.m., Plaintiff, Eric G. Lamoreaux, was the driver of a 2008 Silver Sedona, VIN Number KNDMB233586221180, License Plate Number GRV1638 and was traveling on Mill Street (SR 487) North of Davis Street, Benton Borough, Columbia County, Pennsylvania and was stopped and waiting for a vehicle to turn into its driveway.

10.     On February 19, 2019, at or about 3:39 p.m., Plaintiff, Cindy R. Lamoreaux, was the front seat passenger and Plaintiff, Rose Ann Rink, was the back-seat passenger of the 2008 Silver Sedona, VIN Number KNDMB233586221180, License Plate Number GRV1638 driven by her husband, Eric G. Lamoreaux, which was traveling North on Mill Street (SR 487) North of Davis Street, Benton Borough, Columbia County, Pennsylvania and was stopped and waiting for a vehicle to turn into its driveway.

11.     On February 19, 2019, at or about 3:39 p.m., Defendant, Siarhei Hancharuk, was, according to the police report, the owner of a Semi-Trailer Truck, Tag Number 232066D, and driving a vehicle owned by Defendant Bumblebee Corp., VIN Number 4V4NC9EH4DN131655, License Plate Number 66881PC.

12.     On the aforesaid time, date and place, the Defendant, Siarhei Hancharuk, was also traveling North on Mill Street (SR 487) North of Davis Street,

Benton Borough, Columbia County, behind the vehicle driven by Plaintiff, Eric G. Lamoreaux.

13.     On the aforesaid time, date and place, Defendant, Siarhei Hancharuk operated his tractor trailer in such a careless, reckless and negligent manner that he came into sudden and forcible contact with the rear of Plaintiff's vehicle, causing it to crash into the vehicle traveling ahead of the vehicle driven by Plaintiff Eric G. Lamoreaux, and causing Plaintiffs, Eric G. Lamoreaux  and Cindy R. Lamoreaux to suffer such injuries as are hereinafter more fully described.

14.     At all times herein mentioned, Plaintiff Eric G. Lamoreux's vehicle was operated in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Pennsylvania.

15.     Defendant, Siarhei Hancharuk, was negligent, careless and reckless and exhibited reckless indifference by crashing into Plaintiff Eric G. Lamoreux's vehicle which was a stopped vehicle in broad daylight on a straight roadway with clear lines of sight with no adverse weather conditions.

## PLAINTIFFS ERIC G. LAMOREAX AND
## HIS WIFE CINDY R. LAMOREAUX

16.     The Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, hereby repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through and including 15 with the same force and effect as if herein set forth.

17.     As a direct and proximate result of the carelessness, recklessness and negligence of the Defendants, Eric G. Lamoreaux sustained severe, painful and disabling injuries, including, but not limited to the following:

     a.     Burning sensation in right shin;

     b.     Pain in right lower leg;

     c.     Neck tenderness;

     d.     Lower midline tenderness to neck;

     e.     Mid cervical spine tenderness.

18.     As a direct and proximate result of Defendants' carelessness, recklessness and negligence, Plaintiff, Eric G. Lamoreaux has also suffered and will continue to suffer the following:

     a.     Past, present and future physical and mental pain and suffering;

     b.     Past, present and future loss of enjoyment of life;

     c.     Past, present and future loss of earnings, earning capacity and income; and,

     d.     Past, present and future loss of ability to labor and earn money, as well as other damages.

19.     As a direct and proximate result of the carelessness, recklessness and negligence of the Defendants, Plaintiff, Cindy R. Lamoreaux sustained severe, painful and disabling injuries, including, but not limited to the following:

     a.     Upper back pain;

     b.     Lower back pain;

     c.     Migraines;

     d.     Headaches;

     e.     Lump in right leg;

     f.     Right knee pain;

     g.     Left elbow pain

     h.     Depression;

     i.     Restlessness;

     j.     Unable to sleep;

     k.     Fatigue.

20.    As a direct and proximate result of Defendants' carelessness, recklessness and negligence, Plaintiff, Cindy R. Lamoreaux, has also suffered and will continue to suffer the following:

     a.     Past, present and future physical and mental pain and suffering;

     b.     Past, present and future loss of enjoyment of life;

     c.     Past, present and future loss of earnings, earning capacity and income; and,

     d.     Past, present and future loss of ability to labor and earn money, as well as other damages.

21.     Due to the aforesaid injuries, the Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, first received treatment at Geisinger Danville Emergency room on February 19, 2019.

22.     As a result of the aforesaid accident and severe injuries sustained, Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, have been forced to undergo medical treatment and will/may be forced to undergo medical treatment at an undetermined time in the future.

23.     The accident related injuries have caused, the Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, to experience physical and mental pain, suffering, anguish, inconvenience, anxiety, and irritability, some or all of which have required medical care and treatment.

24.     Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, believe, and therefore aver, that their accident-related injuries may be of a continuing and permanent nature and that they may, therefore, continue to so suffer in the future.

25.     As a further result of the aforesaid injuries, the Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, have been obligated to receive and undergo medical attention and care and to incur various expenses for treatment of the aforesaid injuries which will continue into the future.

26.     As a further result of the aforesaid injuries, the Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, sustained a loss of earnings and impairment of their earning capacity and power.

27.     As a result of the aforesaid injuries, Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, have sustained, and are continuing to sustain the loss of the everyday pleasures and enjoyments of life, and will continue to so suffer for an indefinite period of time into the future.

28.     By reason of the foregoing Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, are entitled to recover from Defendants compensatory and other damages in such amounts as may be shown by the evidence at trial and determined in the enlightened conscience of the jury.

29.     As a result of the aforesaid accident and injuries sustained, Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, have expended, expend and will/may expend for an indefinite time in the future, various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure Plaintiffs of their injuries all to a  great financial loss and damage.

30.     As a result of the aforesaid accident and injuries sustained, Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, have been, yet are and will/may for an indefinite time in the future, be unable to go about their usual and daily occupations and routines.

31.    As a result of the aforesaid accident and injuries sustained, Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, have been, yet are and will/may for an indefinite time in the future be forced to forego the pleasures of life.

32.    As a result of the accident and injuries sustained, Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, have suffered, yet suffer and will/may continue to suffer wage diminution or lessening of earning power and earning capacity, and will/may continue to suffer same forever in the future.

### PLAINTIFFS ROSE ANN RINK AND HER HUSBAND DENNIS V. RINK

33.    The Plaintiffs, Rose Ann Rink and Dennis V. Rink, her husband, hereby repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through and including 15 above with the same force and effect as if herein set forth.

34.    Defendant, Siarhei Hancharuk, was negligent, careless and reckless and exhibited reckless indifference by crashing into Plaintiff Eric G. Lamoreaux's stopped vehicle in broad daylight with clear lines of sight and no adverse weather conditions.

35.    As a direct and proximate result of the carelessness, recklessness and negligence of the Defendants, Plaintiff, Rose Ann Rink, sustained severe, painful and disabling injuries, including, but not limited to the following:

      a.    Scalp contusion;

b.   Closed head injury;

c.   Cervical spine tenderness;

d.   Right lateral neck tenderness;

e.   Multiple hematomas;

f.   Right anterior and sternal tenderness;

g.   Right upper and right lower quadrant tenderness;

h.   Upper and middle thoracic spine tenderness;

i.   Right hip tenderness;

j.   Right shoulder eccymosis;

k.   Left shoulder tenderness;

l.   Neck, back right rib, right abdominal and head pain;

m.   Right sided rib fractures;

n.   Supra gluteal hematoma;

o.   PTSD.

36.   As a direct and proximate result of Defendants' negligence, Plaintiff, Rose Ann Rink, has also suffered and will continue to suffer the following:

a.   Past, present and future physical and mental pain and suffering;

b.   Past, present and future loss of enjoyment of life.

37.   Due to the aforesaid injuries, the Plaintiff, Rose Ann Rink, first received treatment at Geisinger Danville Emergency room on February 19, 2019.

38.     As a result of the aforesaid accident and severe injuries sustained, Plaintiff, Rose Ann Rink, has been forced to undergo medical treatment and will/may be forced to undergo medical treatment at an undetermined time in the future.

39.     The accident related injuries have caused the Plaintiff, Rose Ann Rink, to experience physical and mental pain, suffering, anguish, inconvenience, anxiety, and irritability, some or all of which have required medical care and treatment.

40.     Plaintiff, Rose Ann Rink, believes, and therefore avers, that her accident related injuries may be of a continuing and permanent nature and that they may, therefore, continue to so suffer in the future.

41.     As a further result of the aforesaid injuries, the Plaintiff, Rose Ann Rink, has been obligated to receive and undergo medical attention and care and to incur various expenses for treatment of the aforesaid injuries which will continue into the future.

42.     As a result of the aforesaid injuries, Plaintiff, Rose Ann Rink, has sustained, and continues to sustain the loss of the everyday pleasures and enjoyments of life, and will continue to so suffer for an indefinite period of time into the future.

43.     By reason of the foregoing Plaintiff, Rose Ann Rink, is entitled to recover from Defendants compensatory and other damages in such amounts as may

be shown by the evidence at trial and determined in the enlightened conscience of the jury.

44.    As a result of the aforesaid accident and injuries sustained, Plaintiff, Rose Ann Rink, has expended, expends and will/may expend for an indefinite time in the future, various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure Plaintiff of her injuries all to a great financial loss and damage.

45.    As a result of the aforesaid accident and injuries sustained, Plaintiff, Rose Ann Rink, has been, yet is and will/may for an indefinite time in the future, be unable to go about her usual and daily occupations and routines.

46.    As a result of the aforesaid accident and injuries sustained, Plaintiff, Rose Ann Rink, has been, yet is and will/may for an indefinite time in the future be forced to forego the pleasures of life.

47.    As a result of the accident and injuries sustained, Plaintiff, Rose Ann Rink, has suffered, yet suffers and will/may continue to suffer wage diminution or lessening of earning power and earning capacity, and will/may continue to suffer same forever in the future.

## COUNT I

### Eric G. Lamoreaux and Cindy R. Lamoreaux
### v.
### Siarhei Hancharuk

48.     The Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, hereby repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through and including 32 with the same force and effect as if herein set forth.

49.     The aforesaid accident was due to the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant, Siarhei Hancharuk, and in no way due to any negligent act or failure to act on the part of the Plaintiffs.

50.     The negligent, careless, and reckless conduct of the Defendant, Siarhei Hancharuk, consisted of the following:

a.     Failure to properly observe the roadway and keep a proper lookout;

b.     Failure to properly brake his vehicle;

c.     Failure to remain attentive;

d.     Failure to maneuver his vehicle so as to avoid a collision;

e.     Failure to maintain adequate control over his vehicle;

f.     Failure to take proper evasive action so as to avoid an accident;

g.     Failure to give warning of his approach;

h.     Failure to inspect, repair and maintain his vehicle;

i.      Operating his vehicle in a careless disregard for the safety of others in violation of 75 Pa. C.S.A. §3714;

j.      Operating his vehicle at an unsafe speed for conditions then and there existing, in violation of 75 Pa. C.S.A. §3361;

k.      Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa. C.S.A. §3361;

l.      Failure to obey the rules of the road and the statutes of the Commonwealth of Pennsylvania as herein alleged;

m.      Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

n.      Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act, 49 C.F.R. §§380.101 *et seq.*; 49 C.F.R. §§391.1 *et seq.*;

o.      Failure to conduct an inspection of his vehicle prior to driving in violation of 49 C.F.R. §396.13;

p.      Failure to inspect his vehicle and complete driver vehicle inspection reports in violation of 49 C.F.R. §396.11;

q.      Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the tractor trailer in violation of 49 C.F.R. §392.3;

r.      Operating his vehicle in excess of the applicable hours of service in violation of 49 C.F.R. §395.3;

s.      Failure to record his duty status in violation of 49 C.F.R. §395.8;

t.      Failing to document his travel and daily logs as required by law, including the Federal Motor Carrier Act and Safety Regulations, 49 C.F.R. §395.8 and §395.11;

u.      Failing to observe proper rest and driving intervals as required by law, including the Federal Motor Carrier Safety Act and Regulations, 49 C.F.R. §395.3;

v.      In then and there failing to exercise ordinary and due care under all the circumstances existing;

w.      In then and there failing to observe the vehicle driven by the Plaintiff, Eric G. Lamoreaux, which was lawfully on the roadway;

x.      In then and there failing to take evasive action so as to avoid the collision with the vehicle driven by the Plaintiff, Eric G. Lamoreaux;

y.      In driving while distracted;

z.      In lacking the proper skills, training and certification to operate said vehicle safely; and,

aa.      Committing other reckless, careless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

**WHEREFORE**, the Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, demand judgment against the Defendant, Siarhei Hancharuk, individually and as agent of Defendant Bumblebee Corp., for compensatory and punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus the costs of this action and any other such other relief to be deemed just and equitable.

## COUNT II

### Eric G. Lamoreaux and Cindy R. Lamoreaux
### v.
### Bumblebee Corp.

51.　　The Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, hereby repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through and including 32, and paragraphs 48 through and including 50, with the same force and effect as if herein set forth.

52.　　The aforementioned accident was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant, Bumblebee Corp., and/or its agents, ostensible agents, servants, workmen, and/or employees as set forth in paragraph 50 a. through and including aa., and in no way due to any action on the part of Plaintiff, Eric G. Lamoreaux.

53.     The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant, Bumblebee Corp., and/or its agents, ostensible agents, servants, workmen, and/or employees also consisted of the following:

a.      Permitting Defendant, Siarhei Hancharuk, to operate the tractor-trailer with unsafe equipment in violation of 75 Pa. C.S.A. §4107(b)(2);

b.      Permitting Defendant, Siarhei Hancharuk, to operate the tractor-trailer in violation of the Federal Motor Carrier Safety Regulations and the Federal Motor Carrier Act, 49 C.F.R. §§380.101 *et seq.*; 49 C.F.R. §§391.1 *et seq.*;

c.      Permitting Defendant, Siarhei Hancharuk, to operate the tractor-trailer when he was so fatigued as to make it unsafe for him to do so in violation of 49 C.F.R. §392.3;

d.      Permitting Defendant, Siarhei Hancharuk, to operate the tractor-trailer in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

e.      Negligently entrusting Siarhei Hancharuk with the tractor-trailer when it knew or should have known that Siarhei Hancharuk lacked sufficient skill, judgment, and prudence in the operation of a tractor-trailer;

f.      Failing to adequately instruct or train Siarhei Hancharuk in the safe operation of the tractor-trailer prior to entrusting him with it;

g.      Failing to prevent Siarhei Hancharuk from operating the tractor-trailer until Siarhei Hancharuk had sufficient ability to operate the tractor-trailer safely;

h.      Failing to provide Siarhei Hancharuk with the equipment necessary to safely operate a tractor-trailer on the highways and roadways among the traveling public;

i.      Providing incentives and/or imposing penalties on drivers like Siarhei Hancharuk such that he would avoid inspecting, maintaining and/or repairing the tractor-trailer;

j.      Failing to properly train and supervise Siarhei Hancharuk in the operation of the tractor-trailer to ensure compliance with the Federal Motor Carrier Safety Regulations and Federal Motor Carrier Act, 49 C.F.R. §§380.101 *et seq.*;

k.      Failing to operate, maintain, inspect and repair its tractor-trailer with the applicable Federal Motor Carrier Regulations, particularly 49 C.F.R. §396.3;

l.      Failing to conduct a background check of the driving record of Defendant Siarhei Hancharuk as required by 49 C.F.R. §§391.1 *et seq.*;

m.      Engaging in a pattern and practice as a motor carrier such that Bumble Bee Corp. was above the Federal Motor Carrier Safety Administration intervention threshold for motor carriers of a similar size in the categories of unsafe driving, hours-of-service compliance, and vehicle maintenance as measured through the Federal Motor Carrier Safety Administration, CSA Program for On-Road Safety Performance, Safety Measurement System;

n.      Such other acts or omissions as shall be discovered during the course of proper discovery under the Pennsylvania and Federal Rules of Civil Procedure;

o.      In allowing Defendant, Siarhei Hancharuk to operate said vehicle despite a poor driving record and/or accident history.

54.    As a result of the above-stated acts and omissions, Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, have suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiffs, Eric G. Lamoreaux and Cindy R. Lamoreaux, demand judgment against the Defendants, Siarhei Hancharuk and Bumblebee Corp., for compensatory and punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus her costs of this action and any other such other relief to be deemed just and equitable.

## COUNT III
## LOSS OF CONSORTIUM

**Eric G. Lamoreaux**
v.
**Siarhei Hancharuk and Bumblebee Corp.**

55.        Plaintiff, Eric G. Lamoreaux, hereby repeats and re-alleges and incorporates by reference the allegations contained in paragraphs 1 through and including 32, and paragraphs 48 through and including 54, with the same force and effect as if herein set forth.

56.     As a result of the aforesaid negligent, careless, and reckless conduct of the Defendants, Siarhei Hancharuk and Bumblebee Corp., Eric G. Lamoreaux, husband of Cindy R. Lamoreaux, has been and/or may be deprived of the society, companionship, aide, assistance, earnings, and consortium of his wife, all of which have been to his great emotional and financial loss and damage.

**WHEREFORE**, Plaintiff, Eric G. Lamoreaux demands judgment against the Defendants, Siarhei Hancharuk and Bumblebee Corp., for all damages allowed by law in an amount in excess of $75,000.00 plus his costs of this action and any other such other relief to be deemed just and equitable.

## COUNT IV

## LOSS OF CONSORTIUM

**Cindy R. Lamoreaux**
v.
**Siarhei Hancharuk and Bumblebee Corp.**

57.     Plaintiff, Cindy R. Lamoreaux, hereby repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through and including 32, and paragraphs 48 through and including 56, with the same force and effect as if herein set forth.

58.     As a result of the aforesaid negligent, careless, and reckless conduct of the Defendants, Siarhei Hancharuk and Bumblebee Corp., Cindy R. Lamoreaux, wife of Eric G. Lamoreaux, has been and/or may be deprived of the society, companionship, aide, assistance, earnings, and consortium of her husband, all of which have been to her great emotional and financial loss and damage.

**WHEREFORE**, Plaintiff, Cindy R. Lamoreaux, demands judgment against the Defendants, Siarhei Hancharuk and Bumblebee Corp., for all damages allowed by law for an amount in excess of $75,000.00 plus her costs of this action and any other such other relief to be deemed just and equitable.

## COUNT V

### Rose Ann Rink and Dennis V. Rink
### v.
### Siarhei Hancharuk

59.     The Plaintiffs, Rose Ann Rink and Dennis V. Rink, hereby repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through and including 15, and paragraphs 33 through and including 47, with the same force and effect as if herein set forth.

60.     The aforesaid accident was due to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant, Siarhei Hancharuk, and in no way due to any negligent act or failure to act on the part of the Plaintiffs.

61.     The negligent, careless, and reckless conduct of the Defendant, Siarhei Hancharuk, consisted of the following:

    a.     Failure to properly observe the roadway and keep a proper lookout;

    b.     Failure to properly brake his vehicle;

    c.     Failure to remain attentive;

    d.     Failure to maneuver his vehicle so as to avoid a collision;

    e.     Failure to maintain adequate control over his vehicle;

    f.     Failure to take proper evasive action so as to avoid an accident;

    g.     Failure to give warning of his approach;

h.      Failure to inspect, repair and maintain his vehicle;

i.      Operating his vehicle in a careless disregard for the safety of others in violation of 75 Pa. C.S.A. §3714;

j.      Operating his vehicle at an unsafe speed for conditions then and there existing, in violation of 75 Pa. C.S.A. §3361;

k.      Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa. C.S.A. §3361;

l.      Failure to obey the rules of the road and the statutes of the Commonwealth of Pennsylvania as herein alleged;

m.      Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

n.      Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act, 49 C.F.R. §§380.101 *et seq.*; 49 C.F.R. §§391.1 *et seq.*;

o.      Failure to conduct an inspection of his vehicle prior to driving in violation of 49 C.F.R. §396.13;

p.      Failure to inspect his vehicle and complete driver vehicle inspection reports in violation of 49 C.F.R. §396.11;

q.     Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the tractor trailer in violation of 49 C.F.R. §392.3;

r.     Operating his vehicle in excess of the applicable hours of service in violation of 49 C.F.R. §395.3;

s.     Failure to record his duty status in violation of 49 C.F.R. §395.8;

t.     Failing to document his travel and daily logs as required by law, including the Federal Motor Carrier Act and Safety Regulations, 49 C.F.R. §395.8 and §395.11;

u.     Failing to observe proper rest and driving intervals as required by law, including the Federal Motor Carrier Safety Act and Regulations, 49 C.F.R. §395.3;

v.     In then and there failing to exercise ordinary and due care under all the circumstances existing;

w.     In then and there failing to observe the vehicle driven by the Plaintiff, Eric G. Lamoreaux, which was lawfully on the roadway;

x.     In then and there failing to take evasive action so as to avoid the collision with the vehicle driven by the Plaintiff, Eric G. Lamoreaux;

y.     In driving while distracted;

z.     In lacking the proper skills, training and certification to operate said vehicle safely; and,

aa.     Committing other reckless, careless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

**WHEREFORE**, the Plaintiffs, Rose Ann Rink and Dennis V. Rink, demand judgment against the Defendant, Siarhei Hancharuk, for all damages allowed by law for an amount in excess of $75,000.00 plus her costs of this action and any other such other relief to be deemed just and equitable.

## COUNT VI

**Rose Ann Rink and Dennis V. Rink**
**v.**
**Bumblebee Corp.**

62.     The Plaintiffs, Rose Ann Rink and Dennis V. Rink, hereby repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through and including 15, paragraphs 33 through and including 47, and paragraphs 59 through and including 61, with the same force and effect as if herein set forth.

63.     The aforementioned accident was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant, Bumblebee Corp. and/or its agents, ostensible agents, servants, workmen, and/or employees as set forth in paragraph 61 a. through and including aa., and in no way due to any action on the part of Plaintiffs, Rose Ann Rink and Dennis V. Rink.

64.     The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant, Bumblebee Corp., and/or its agents, ostensible agents, servants, workmen, and/or employees also consisted of the following:

a.      Permitting Defendant, Siarhei Hancharuk, to operate the tractor-trailer with unsafe equipment in violation of 75 Pa. C.S.A. §4107(b)(2);

b.      Permitting Defendant, Siarhei Hancharuk, to operate the tractor-trailer in violation of the Federal Motor Carrier Safety Regulations and the Federal Motor Carrier Act, 49 C.F.R. §§380.101 *et seq.*; 49 C.F.R. §§391.1 *et seq.*;

c.      Permitting Defendant, Siarhei Hancharuk, to operate the tractor-trailer when he was so fatigued as to make it unsafe for him to do so in violation of 49 C.F.R. §392.3;

d.      Permitting Defendant, Siarhei Hancharuk, to operate the tractor-trailer in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

e.      Negligently entrusting Siarhei Hancharuk with the tractor-trailer when it knew or should have known that Siarhei Hancharuk lacked sufficient skill, judgment, and prudence in the operation of a tractor-trailer;

f.     Failing to adequately instruct or train Siarhei Hancharuk in the safe operation of the tractor-trailer prior to entrusting him with it;

g.     Failing to prevent Siarhei Hancharuk from operating the tractor-trailer until Siarhei Hancharuk had sufficient ability to operate the tractor-trailer safely;

h.     Failing to provide Siarhei Hancharuk with the equipment necessary to safely operate a tractor-trailer on the highways and roadways among the traveling public;

i.     Providing incentives and/or imposing penalties on drivers like Siarhei Hancharuk such that he would avoid inspecting, maintaining and/or repairing the tractor-trailer;

j.     Failing to properly train and supervise Siarhei Hancharuk in the operation of the tractor-trailer to ensure compliance with the Federal Motor Carrier Safety Regulations and Federal Motor Carrier Act, 49 C.F.R. §§380.101 *et seq.*;

k.     Failing to operate, maintain, inspect and repair its tractor-trailer with the applicable Federal Motor Carrier Regulations, particularly 49 C.F.R. §396.3;

l.     Failing to conduct a background check of the driving record of Defendant Siarhei Hancharuk as required by 49 C.F.R. §§391.1 *et seq.*;

m.      Engaging in a pattern and practice as a motor carrier such that Bumble Bee Corp. was above the Federal Motor Carrier Safety Administration intervention threshold for motor carriers of a similar size in the categories of unsafe driving, hours-of-service compliance, and vehicle maintenance as measured through the Federal Motor Carrier Safety Administration, CSA Program for On-Road Safety Performance, Safety Measurement System;

n.      Such other acts or omissions as shall be discovered during the course of proper discovery under the Pennsylvania and Federal Rules of Civil Procedure;

o.      In allowing Defendant, Siarhei Hancharuk to operate said vehicle despite a poor driving record and/or accident history.

65.     As a result of the above-stated acts and omissions, Plaintiffs Rose Ann Rink and Dennis V. Rink, have suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiffs, Rose Ann Rink and Dennis V. Rink demand judgment against the Defendants, Siarhei Hancharuk and Bumblebee Corp., for all damages allowed by law for an amount in excess of $75,000.00 plus their costs of this action and any other such other relief to be deemed just and equitable.

## COUNT III

**Dennis V. Rink**
v.
**Siarhei Hancharuk and Bumblebee Corp.**

## LOSS OF CONSORTIUM

66.     Plaintiff, Dennis V. Rink, hereby repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through and including 15, paragraphs 33 through and including 47, and paragraphs 59 through and including 65, with the same force and effect as if herein set forth.

67.     As a result of the aforesaid negligent, careless, and reckless conduct of the Defendants, Siarhei Hancharuk and Bumblebee Corp., Plaintiff, Dennis V. Rink, husband of Rose Ann Rink, has been and/or may be deprived of the society, companionship, aide, assistance, earnings, and consortium of his wife, all of which have been to her great emotional and financial loss and damage.

**WHEREFORE**, the Plaintiff, Dennis V. Rink, demands judgment against the Defendants, Siarhei Hancharuk and Bumblebee Corp., for all damages allowed by law for an amount in excess of $75,000.00 plus the costs of this action and any other such other relief to be deemed just and equitable.

Respectfully submitted,

*/s/ Peter Paul Olszewski, Jr. Esq.*
MELISSA A. SCARTELLI, ESQUIRE
PETER PAUL OLSZEWSKI, ESQUIRE
Attorneys for the Plaintiffs